THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Franklin Brown, Appellant,
 
 
 

v.

 
 
 
 Bernard Brown, Respondent.
 
 
 

Appeal From Charleston County
 Kristi Lea Harrington, Circuit Court
Judge

Unpublished Opinion No.  2012-UP-300  
 Submitted March 3, 2012 – Filed May 16,
2012

AFFIRMED

 
 
 
 William Mark Koontz, of North Charleston,
 for Appellant.
 Bernard Brown, pro se, of Johns Island.
 
 
 

PER CURIAM: Franklin Brown (Franklin) appeals the circuit court's decision
 remanding this case to the magistrate's court and ordering the injunction put
 in place by the magistrate's court to remain until a final judgment on the
 merits is issued.  Franklin argues (1) ownership of real property is at issue, which deprived the
 magistrate's court of jurisdiction; (2) his due process rights were violated
 because he was not given the requisite thirty days to answer the complaint that
 was filed against him; (3) the injunction is void for not complying with Rule
 65, SCRCP; and (4) the injunction can be construed as a permanent injunction,
 which the magistrate's court improperly granted.  We affirm.[1]
1.  We hold the
 magistrate's court did not lack subject matter jurisdiction.  See S.C. Code Ann. § 22-3-20(2) (2007) ("No
 magistrate shall have cognizance of a civil action . . . [w]hen the title to
 real property shall come in question . . . .").  The magistrate's order did not include a
 finding of who holds title to any real property.  Accordingly, the magistrate's court did
 not violate section 22-3-20(2).
2.  As to
 Franklin's remaining arguments, we hold these issues are not preserved for our
 review.  The circuit court did not specifically rule on these issues, and
 Franklin did not file a Rule 59(e), SCRCP, motion with the circuit court.  See Smith v. NCCI, Inc., 369 S.C. 236, 247-48, 631 S.E.2d 268, 274 (Ct. App.
 2006) ("When a [circuit] court does not explicitly rule on an
 argument raised, and the appellant makes no Rule
 59(e), SCRCP, motion to obtain a ruling, the
 appellate court may not address the issue."
 (emphasis added)); Cowburn v. Leventis, 366 S.C. 20, 41, 619 S.E.2d 437,
 449 (Ct. App. 2005) ("When a [circuit] court makes a general ruling on an
 issue, but does not address the specific argument raised by a party, that party
 must make a Rule 59(e) motion asking the
 [circuit] court to rule on the issue in order to preserve it for appeal.").
AFFIRMED.
FEW, C.J., and
 HUFF and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.